**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| RACHELLE KEARNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 4:25-cv-0222-MTS |
| | ) |
| FRANK J. BISIGNANO, *Commissioner of* | ) |
| *the Social Security Administration*,[1] | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of the final decision of Defendant, the Commissioner of the Social Security Administration, denying the application of Rachelle Kearns ("Plaintiff") for Disability Insurance Benefits ("DIB").[2]  In September 2022, Plaintiff applied for DIB under Title II of the Social Security Act, 42 U.S.C. §§ 401–434 (the "Act"). (Tr. 165).  Plaintiff alleges disability due to major depression, generalized anxiety disorder, attention deficit disorder, and rheumatoid arthritis with an alleged onset date of November 10, 2020.  (Tr. 192).  In November 2023, following a hearing, an Administrative Law Judge ("ALJ") issued her decision finding that Plaintiff was not disabled as defined in the Act.  (Tr. 10-25).  For the following reasons, the Court will reverse and remand.

---

[1] Frank J. Bisignano is now the Commissioner of SSA.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Bisignano is substituted as the proper Defendant.

[2] Section 405(g) of Title 42 provides for judicial review of the SSA Commissioner's "final decision."  After the ALJ concluded Plaintiff was not disabled under the Act, (Tr. 25), the Appeals Council denied Plaintiff's request for review, (Tr. 1-3); thus, the ALJ's decision stands as the Commissioner's final decision.

I.    **Standard of Review and Legal Framework**

To be eligible for disability benefits, Plaintiff must prove that she is disabled under the Act. *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992).  The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d).  A claimant will be found to have a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work" but also unable to "engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* at § 423(d)(2)(A).

The Social Security Administration has established a five-step sequential process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a).  Steps 1–3 require the claimant to prove: (1) she is not currently engaged in substantial gainful activity; (2) she suffers from a severe impairment; and (3) her disability meets or equals a listed impairment.  *Id.* at §§ 404.1520(a)–(d).  If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to Steps 4 and 5.  *Id.* at § 416.920(e).  At this point, the ALJ assesses the claimant's residual functioning capacity ("RFC"), "which is the most a claimant can do despite her limitations."  *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009); 20 C.F.R. § 404.1545. The U.S. Court of Appeals for the Eighth Circuit has noted that the ALJ must determine a claimant's RFC based on all relevant, credible evidence in the record, including medical records, the observations of treating physicians and others, and the claimant's own description of her symptoms and limitations.  *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005).  At Step 4, the ALJ must determine whether the claimant can return to her past relevant work by

comparing the RFC with the physical demands of the claimant's past relevant work.  20 C.F.R. § 404.1520(f).  If the ALJ finds at Step 4 that a claimant can return to past relevant work, the claimant is not disabled.  *Id.*  If the ALJ finds at Step 4 that a claimant cannot return to past relevant work, the burden shifts at Step 5 to the Administration to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy.  *Id.* at § 404.1520(g).

The Court's role on judicial review is to decide whether the ALJ's determination is supported by "substantial evidence" on the record as a whole.  *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).  In determining whether the evidence is substantial, the Court considers evidence that both supports and detracts from the ALJ's decision.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  Even if substantial evidence would have supported an opposite decision or the reviewing court might have reached a different conclusion had it been the finder of fact, the Court must affirm the Commissioner's decision if the record contains substantial evidence to support it.  *See McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (explaining that if substantial evidence supports the Commissioner's decision, the court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and even if [the court] may have reached a different outcome"); *Locher v. Sullivan*, 968 F.2d 725, 727 (8th Cir. 1992) (explaining a court may not reverse merely because substantial evidence would have supported an opposite decision).  The Eighth Circuit has emphasized repeatedly that a court's review of an ALJ's disability determination is intended to be narrow and that courts should "defer heavily to the findings and conclusions of the Social Security Administration."  *Hurd v. Astrue*,

-3-

621 F.3d 734, 738 (8th Cir. 2010) (quoting *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001)).  Despite this deferential stance, a district court's review must be "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision," *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998), and not merely a "rubber stamp," *Cooper v. Sullivan*, 919 F.2d 1317, 1320 (8th Cir. 1990).

## II.   **The ALJ's Decision**

The ALJ's decision in this matter conforms to the five-step process outlined above.  At Step 1, the ALJ found Plaintiff did not perform substantial gainful activity ("SGA") during the alleged period of disability.  (Tr. 16).  At Step 2, the ALJ found Plaintiff had severe impairments of generalized anxiety disorder, attention deficit hyperactivity disorder, depression, adjustment disorder, posttraumatic stress disorder, and rheumatoid arthritis.  (Tr. 16).  At Step 3, the ALJ found Plaintiff did *not* have an impairment or combination of impairments that met the severity of a statutorily recognized impairment.  (Tr. 16-18).  The ALJ found Plaintiff had the RFC to perform light work, as defined in 20 C.F.R. § 404.1567(b), with exertional limitations.  (Tr. 18-24).  Plaintiff "can never climb ladders, rope, or scaffolds." At Step 4, the ALJ found Plaintiff could not return to her past relevant work as a home attendant or recreational guide.  (Tr. 24).  At Step 5, the ALJ considered Plaintiff's age, education, work experience, and RFC and found there were jobs in the national economy that Plaintiff can perform, despite her physical limitations, such as cleaner, hand packer, and production worker.  (Tr. 24-25).  Consequently, the ALJ concluded Plaintiff is not disabled under the Act.  (Tr. 25).

### III.      Discussion

Plaintiff contends that the ALJ's finding is not supported by substantial evidence because the ALJ failed to properly evaluate the medical opinions of Defendant's medical consultants: Dr. Charolette Endsley and Dr. James Schell, consultative medical examiner Jolene Cabral, FNP-C, and Plaintiff's rheumatologist, Dr. Prabha Ranganathan.  For claims filed on or after March 27, 2017, an ALJ evaluates medical opinions and prior administrative medical findings pursuant to 20 C.F.R. § 404.1520c.  These rules provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources." 20 C.F.R. § 404.1520c(a).  Rather, an ALJ is to evaluate the persuasiveness of all of the medical opinions and prior administrative medical findings in a claimant's case record by considering the:  (1) supportability of the opinion with relevant objective medical evidence and supporting explanations; (2) consistency with the evidence from other medical sources and nonmedical sources in the claim; (3) relationship with the plaintiff, including length, purpose, and extent of treatment relationship, whether it is an examining source, and frequency of examination; (4) specialization; and (5) other relevant factors.  20 C.F.R. § 404.1520c(a), (c).  The most important factors for an ALJ to consider are supportability and consistency, and the ALJ must "explain how [she] considered the supportability and consistency factors . . . in [the] determination or decision."  20 C.F.R. § 404.1520c(b)(2).

With respect to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions

-5-

or prior administrative medial finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). In articulating how she considered the supportability factor, an ALJ may properly consider that the physician's own treatment notes do not support the physician's opinion, that the physician's opinion stems from a checklist, that the physician did not consider certain evidence, or that the physician did or did not provide a detailed explanation for the opinion. *Starman v. Kijakazi*, 2:20-cv-0035-SRC, 2021 WL 4459729, at *4 (E.D. Mo. Sept. 29, 2021) (collecting cases). Consistency, on the other hand, relates to the medical opinion's congruity with the findings and opinions of other sources in the record. *See* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion . . . will be.").

"The ALJ need not use the magic words of 'supportability' and 'consistency,' but it must be clear they were addressed." *Svendsen v. Kijakazi*, 1:21-cv-1029-CBK, 2022 WL 2753163, at *8 (D.S.D. July 14, 2022) (citing *Goss v. Kijakazi*, 4:21-cv-0663-LPR-JJV, 2022 WL 1511521, at *3 (E.D. Ark. May 12, 2022)). In addition, these regulations require "more than a conclusory statement as to the supportability and consistency factors so a reviewing court can make a meaningful assessment of a challenge to an ALJ's evaluation of the persuasiveness of various medical opinions." *Osmanovic v. Bisignano*, 4:24-cv-0679-NCC, 2025 WL 2771473, at *3 (E.D. Mo. Sept. 29, 2025) (quoting *Hirner v. Saul*, 2:21-cv-0038-SRW, 2022 WL 3153720, at *9 (E.D. Mo. Aug. 8, 2022)). An ALJ's failure to properly address either the consistency or supportability factor in assessing the persuasiveness of a medical opinion can require reversal. *See Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021) (per curiam); *see also Lucus v. Saul*, 960 F.3d 1066, 1070 (8th Cir. 2020) ("The failure to comply with SSA regulations is more than a drafting issue, it is legal error."); *Wilson v.*

-6-

*Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (finding, in the context of an ALJ's assessment of medical opinions, "reversal is required because the agency failed to follow its own procedural regulation").

Here, Plaintiff challenges the ALJ's analysis of Dr. Endsley and Dr. Schell's medical opinions. These doctors provided prior administrative findings in January and May 2023, respectively. According to the ALJ, both doctors opined that Plaintiff could lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk six hours, and sit for six hours, with no postural or environmental limitations. (Tr. 22). The ALJ found both opinions persuasive, but her supportability discussion was limited and conclusory, stating only that "[the] findings were . . . well supported, providing a narrative explanation as well as significant references to the record." The ALJ's consistency discussion was similarly limited, concluding that "[the] findings are generally consistent with the objective medical evidence. X-rays showed stable findings in the left hand and new evidence of inflammatory arthritis in the left foot . . . However, physical examinations through the period were either normal or found only mild tenderness in the hands and left foot." (Tr. 22–23). Thus, the Court agrees with Plaintiff that reversal and remand is proper so that the ALJ can provide a more fulsome explanation, as required by agency regulations, that will allow a reviewing court to make a "meaningful assessment" of these opinions' persuasiveness. *See Osmanovic*, 2025 WL 2771473, at *3.

Plaintiff also objects to the ALJ's assessment of two other medical opinions because the ALJ failed to address evidence that contradicted her persuasiveness determinations. "An ALJ is not required to explain all the evidence in the record . . . [but] this does not give an ALJ the opportunity to pick and choose only evidence in the record buttressing [her] conclusion."

*Nelson v. Saul*, 413 F. Supp. 3d 886, 916 (E.D. Mo. 2019); *see Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) (per curiam) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability." (citing *Switzer v. Heckler*, 742 F.2d 382, 385–86 (7th Cir. 1984))).

First, Plaintiff challenges the ALJ's assessment that consultative medical examiner Jolene Cabral's opinion was "unpersuasive." (Tr. 23). In January 2023, Cabral, a certified family nurse practitioner, opined that Plaintiff could lift and/or carry five pounds frequently and ten pounds occasionally, that she could stand for two hours, walk for two hours, and sit for four hours in an eight-hour workday, that she could occasionally reach, handle, and finger objects, and that she could occasionally crouch, climb, kneel, or stoop. (Tr. 942). The ALJ found that Cabral's opinion was "wholly unsupported" by the examination findings, as the claimant's gait was normal, muscle strength was normal, and the findings were generally within normal limits, except for some self-reported numbness and tingling and some loss of range of motion of the left great toe.

Notably absent from the ALJ's discussion, however, was an explanation discounting several findings that supported Cabral's opinion, including Plaintiff's positive Romberg test result (Tr. 940), the difficulty Plaintiff experienced walking on her heels and her inability to walk on her toes (Tr. 941), her inability to do tandem walking or hop on one foot (*id.*), or her reduced range of motion (Tr. 945). In this context—and without additional explanation—the ALJ's conclusion that Cabral's opinion was "wholly unsupported" is itself unsupported. *See Martini v. Kijakazi*, 4:20-cv-1711-CDP, 2022 WL 705528, at *5 (E.D. Mo. Mar. 9, 2022) ("It is not within the province of this Court to speculate as to why the ALJ may have accepted or rejected certain evidence." (citing *Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1985))).

Second, Plaintiff challenges the ALJ's conclusion that Dr. Prabha Ranganathan's medical opinion is "unpersuasive." (Tr. 23). In November 2023, Dr. Ranganathan, Plaintiff's treating rheumatologist, opined that Plaintiff was not capable of sustained employment at the light work level because of her rheumatoid arthritis. (Tr. 1218). The ALJ stated that Dr. Ranganathan's opinion was "somewhat vague," as it "did not define how often the claimant could lift 20 pounds," and that it was "poorly supported" as to "sustained activity or on a sustained basis," as the opinion attached treatment records containing records of examinations that found only mild tenderness in both of Plaintiff's hands and her left foot. The ALJ also concluded that the opinion was inconsistent with Plaintiff's own reports in the record, as in May 2021 she reported having only occasional hand pain and stiffness, and in December 2022 complained of only minimal pain and requested to stay off medications.

But this assessment misstates the record and fails to explain why the ALJ saw fit to disregard factors that supported Dr. Ranganathan's opinion. True, during her December 21, 2022, appointment with Dr. Ranganathan, Plaintiff reported wanting to stay off medication unless her x-rays showed that her rheumatoid arthritis had progressed. (Tr. 833). But at her next appointment in April 2023, her x-rays taken on December 22, 2022, showed "new large erosions" in Plaintiff's left foot and unchanged nonspecific erosion in the left third metacarpal head, and Plaintiff was prescribed methotrexate, a "high risk medication" (Tr. 1226, 1230). In addition, Plaintiff reported her "foot pain is worse with walking" (Tr. 1220). As stated above, an ALJ is not permitted to "pick and choose" only evidence in the record that supports his or her conclusion. *Robinson*, 366 F.3d at 1083; *accord Nelson*, 413 F. Supp. 3d at 916. Further, "absent some explanation for finding an inconsistency where none appears to exist, [the Court] will not fill in the gaps for the ALJ." *Lucus*, 960 F.3d at 1069.

-9-

## IV.    **Conclusion**

For the foregoing reasons, the Court finds that the ALJ's determination is not supported by substantial evidence on the record as a whole.  The Court remands the case so that the ALJ can reevaluate the persuasiveness of the medical opinions described above.  On remand, the ALJ is, of course, free to reach the same conclusions provided they are properly explained.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED**.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 23rd day of March 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE